IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY A. SCOTT,

       Petitioner,

  v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

       Respondent.

Case No. 2:15-cv-02638
Judge Marbley
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 1), Respondent's *Motion to Dismiss Without Prejudice for Failure to Exhaust* (ECF No. 7), Petitioner's *Motion to Stay and Response in Opposition* (ECF No. 9), Respondent's *Reply* (ECF No. 10), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss Without Prejudice for Failure to Exhaust* (ECF No. 7) be **GRANTED**, that Petitioner's *Motion to Stay* (ECF No. 9) be **DENIED,** and that this action be dismissed without prejudice as unexhausted.

### Facts and Procedural History

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On May 4, 2012, Appellant was indicted for possession of cocaine, in violation of R.C. 2925.11(B), a felony of the first degree; attempted murder, in violation of R.C. 2923.02(A) and 2903.02(A) and/or (B), a felony of the first degree; felonious assault, in violation of R.C. 2903.11(A)(2) and (D)(1)(a), a felony of the first degree; one count of trafficking in cocaine with a juvenile specification, in violation of R.C. 2925.03(A)(1)(C)(4)(b), a felony

of the fourth degree; and one count of possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a first degree misdemeanor. Additionally, Appellant was indicted on a seven year firearm specification attached to Counts II and III, in violation of R.C. 2929.14(D) and 2941.142, a one year firearm specification attached to Counts I and IV, in violation of R.C. 2929.14(D) and 2941.141, and a forfeiture specification attached to Counts I–IV, in violation of R.C. 2941.1417 and 2981.02.

On May 18, 2012, Appellant was indicted in a separate case number for having weapons under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree. The indictments were then consolidated.

On April 23, 2013, Appellant filed a motion to dismiss for violation of his right to a speedy trial. Additionally, on April 30, 2013, Appellant filed a motion to suppress evidence.

On April 30, 2013, Appellant appeared before the trial court for a change of plea hearing. At the change of plea hearing, in exchange for Appellant's plea, the State agreed to dismiss the firearm specifications associated with Counts I through IV and make a jointly recommended sentence of twelve years. Appellant agreed to withdraw his previously entered not guilty pleas, to enter *Alford* pleas to the remaining counts, and withdraw his pending motion to dismiss and to suppress. Tr. at p. 5–81.

During the plea colloquy, the trial court asked Appellant if he had received the two *Alford* guilty plea forms presented to the trial court, if he had read them, discussed them with his counsel, if he understood them, and if he had, in fact, signed them. Appellant indicated an answer of yes to each question. Appellant told the court he did not have any questions, he acknowledged no one had threatened him or promised him anything in exchange for his pleas. The trial court informed Appellant of the maximum possible sentence it could impose, his ineligibility for judicial release, the possibility of post-release control, and the possibility of reincarceration should he violate the terms of post-release control.

Following the colloquy, the trial court accepted Appellant's *Alford* pleas, finding them to have been freely, voluntarily and understandingly made. The trial court proceeded to sentencing.

The trial court sentenced Appellant to a four year prison term on Count I, a five year prison term on Count II, a one year prison term on Count IV, and a thirty day jail sentence on Count V. The court

> merged Counts II and III for sentencing. The trial court ordered all counts to run consecutively. Appellant was granted 370 days of credit towards his sentence. The court also imposed a fine, suspended Appellant's driver's license for three years, and imposed a mandatory five year period of post release control.
>
> Appellant now appeals the sentencing entry entered by the trial court, assigning as error:
>
> "I. WHETHER THE DEFENDANT'S SPEEDY TRIAL RIGHTS WERE VIOLATED?
>
> "II. WHETHER THE DEFENDANT CONVICTIONS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE?
>
> "III. WHETHER THERE WAS SUFFICIENT EVIDENCE PRESENTED ON EACH OF THE CHARGES?

*State v. Scott*, No. 13-CA-45, 2014 WL 545968, at *1-2 (Ohio App. 5th Dist. Feb. 7, 2014). On February 7, 2014, the appellate court affirmed the judgment of the trial court. *Id*. On June 24, 2015, the Ohio Supreme Court declined review. *State v. Scott*, 142 Ohio St.3d 1519 (2015). On January 9, 2015, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). (ECF No. 7-1, PageID# 212.) According to Petitioner, he had been denied the effective assistance of counsel because his attorney failed to raise on appeal a claim that his no contest plea was based on incorrect legal advice and was therefore not knowing, intelligent, and voluntary. (PageID# 214.) On February 27, 2015, the appellate court denied Petitioner's Rule 26(B) application. (PageID# 218.)[1] Petitioner filed a timely appeal from that decision.

---

[1] The appellate court stated:

> While Appellant claims he was given incorrect legal advice resulting in an invalid plea, such claims are outside the appellate record. Accordingly, appellate counsel would not have been ineffective for failing to raise such claim on direct appeal. This Court's finding [that] Appellant entered an *Alford* guilty plea still controls the disposition of Appellant's direct appeal. Appellant's potential relief, if any, is through post-conviction relief proceedings or a motion to withdraw his plea pursuant to Crim.R. 32.1.

*Judgment Entry* (ECF No. 7-1, PageID# 218.)

(PageID# 219.)  On June 24, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4).  (PageID# 233.)

On August 31, 2015, Petitioner filed a petition for post conviction relief.  (PageID# 234.) Petitioner asserted that he had been induced into entering a guilty plea by defense counsel "when [he] thought he was entering a plea that would allow him to challenge his conviction; the plea therefore was not voluntary and knowingly entered."  (PageID# 237.)  Petitioner also alleged that he had been denied the effective assistance of counsel because his counsel advised Petitioner that, should he plead guilty, he would be sentenced only to a term of five years' incarceration. (PageID# 238.)  That action apparently remains pending in the state trial court.

On July 22, 2015, Petitioner filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserts as follows:

> Petitioner's *Alford* no contest plea[] was entered upon incorrect legal advice, thus not knowingly, intelligently or voluntarily entered.
>
> Counsel advised Petitioner to make a[n] [A]*lford* no contest plea so Petitioner would not waive his right to challenge the violation of his right to a speedy tr[ia]l, manifest weight argument and sufficient [sic] of evidence.  Petitioner followed counsel['s] advice and entered what he thought was a plea that abled [sic] him to present his arguments on appeal.  He never thought his arguments would be waived.

*Petition* (ECF No. 1, PageID# 5.)  Respondent argues that this action must be dismissed as unexhausted.

## Exhaustion

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the

4

right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). But where alternative state remedies are available to consider the same claim, exhaustion of only one of these remedies is all that is necessary. *See, e.g., Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979).

Petitioner's sole claim for relief remains unexhausted because it is the subject of post conviction proceedings that remain pending in the state trial court. Ordinarily, a habeas case that presents an unexhausted claim should be dismissed. However, Petitioner requests a stay of these proceedings pending exhaustion of his claim in the Ohio courts.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that, where the one-year statute of limitations may bar a petitioner who presents a "mixed petition," that is, exhausted and unexhausted claims, from re-filing his habeas corpus petition, a court may stay the case pending exhaustion in certain limited circumstances. The court must determine that good cause exists for the petitioner's failure to exhaust his claims first in the state courts. *Rhines,* 544 U.S. at 277. "Moreover, even if a petitioner had good cause for that failure the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*. (citation omitted). "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics". *Id*. at 278.

It does not appear that *Rhines* applies to this case because Petitioner does not present a "mixed" petition, *i.e.*, one containing both exhausted and unexhausted claims, for this Court's review.

> Some courts, including lower courts within the Sixth Circuit, have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, such as this, containing only unexhausted claims. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D. N.Y. 2004) (and cases cited therein); *Robinson v. Gidley*, No. 2:15cv10572, 2015 WL 1120118, at *2 (E.D. Mich. Mar.11, 2015) (and numerous cases cited therein); *Taylor v. Kelly*, No. 1:13cv2577, 2014 WL 4436595, at *1, *9 (N.D. Ohio Sept.9, 2014) (and numerous cases cited therein); *Secessions v. Warden, Lebanon Corr. Inst.*, No. 5:13cv195, 2014 WL 2919186, at *1, *5 (N.D. Ohio June 27, 2014); *Gatlin v. Clipper*, No. 5:13cv2434, 2014 WL 2743208, at *2, *5 (N.D. Ohio June 17, 2014) (and cases cited therein); *Warren v. Warren*, No. 2:13cv11234, 2013 WL 1875948, at *2 (E.D. Mich. May 3, 2013); *Sidibeh v. Buchanan*, No. 2:12cv558, 2012 WL 6568231, at *8 (S.D. Ohio Dec.17, 2012) (King, M.J.) (Report & Recommendation), adopted, 2013 WL 80362 (S.D. Ohio Jan.27, 2013) (Graham, J.); *Mimms, supra*, 2009 WL 890509, at *3. *But cf. Doe v. Jones,* 762 F.3d 1174, 1176–81 (10th Cir. 2014) (holding that the district court had "discretion to consider a *Rhines* stay even though petitioner filed an unmixed petition" in a case where the petitioner had "little chance of exhausting [his] claims in state court and returning to federal court before the limitations period" expired), *cert. denied*, ___U.S. ____, 135 S.Ct. 1424, 191 L.Ed.2d 386 (2015); *Heleva v. Brooks*, 581 F.3d 187, 191–92 (3d Cir. 2009) (holding that the district court erred in ruling that "*Rhines* confines the availability of stay-and-abeyance solely to mixed petitions" given that in *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), which was decided one month after *Rhines,* the Supreme Court "sanctioned the use of stay-and-abeyance in a context outside that of mixed petitions" in a case involving the petitioner's "reasonable confusion about state filing requirements"); *Hyman v. Keller*, No. 106652, 2011 WL 3489092, at *10–11 (4th Cir. Aug. 10, 2011) (same); *Dolis v. Chambers*, 454 F.3d 721, 724–25 (7th Cir. 2006) (vacating the dismissal of a habeas petition containing only unexhausted claims and remanding with instructions to consider whether a stay was warranted in case where any future habeas petition would be time-barred). Courts that have held a stay is inappropriate for petitions containing only unexhausted claims have reasoned that (1) the district court lacks

6

>  jurisdiction over the petition while the petitioner pursues his claims in state court in the absence of "exhausted claims that could stay the petition;" and (2) "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, federal courts would be turned into a jurisdictional parking lot for unexhausted claims." *Hust,* 329 F. Supp. 2d at 380 (internal citation and quotation marks omitted); *Warren, supra*, 2013 WL 1875948, at *2; *see also United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) (denying certificate of appealability in case where the petition containing only unexhausted claims was dismissed rather than stayed).

*Peterson v. Warden, Pickaway Corr. Inst.,* No. 1:14-cv-604, 2015 WL 3970171, at *7 (S.D. Ohio June 30, 2015) (declining to resolve the issue "because there appears to be a conflict among the circuit courts and it does not appear that the Sixth Circuit has weighed in on the issue[.]"); *see also Gaitlin v. Clipper,* No. 5:13CV2434, 2014 WL 2743208, at *2 (N.D. Ohio June 17, 2014) (holding that stay and abeyance procedure does not apply where the petitioner does not present a mixed petition) (citing *Witherspoon v. Howes*, 1:07–CV–981, 2008 WL 3833751 *2 (W.D. Mich. Aug. 13, 2008); *Draheim v. Harry*, No. 1:05–cv–587, 2005 WL 2758089 at *3 (W.D. Mich. Oct.25, 2005)).

Further, it does not appear that the one-year statute of limitations necessarily will bar Petitioner from re-filing this habeas corpus petition upon exhaustion of his state court remedies.

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

7

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, pursuant to the terms of 28 U.S.C. § 2244(d)(1), Petitioner's conviction became final on September 22, 2015, *i.e.,* ninety days after the Ohio Supreme Court's June 24, 2015, dismissal of Petitioner's appeal, when the time for filing a petition for a writ of *certiorari* with the United States Supreme Court expirerd.  *See Jiminez v. Quarterman,* 555 U.S. 113, 119-20 (2009)(citations omitted); *Bronaugh* v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000).  The statute of limitations began to run on the following day and, absent any tolling of the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), the statute of limitations will expire one year later, on September 23, 2016.[2]

For all of these reasons, then, the Magistrate Judge concludes that a stay of proceedings pending exhaustion is not appropriate in this case.

---

[2] The Court notes Respondent's argument that Petitioner's post conviction petition is untimely.  *See State's Response to Defendant's "Petition for Post-Conviction Relief"* (ECF No. 7-1, PageID# 250.)

The Magistrate Judge therefore **RECOMMENDS** that Respondent's *Motion to Dismiss Without Prejudice for Failure to Exhaust* (ECF No. 7) be **GRANTED**, that Petitioner's *Motion to Stay* (ECF No. 9) be **DENIED,** and that this action be dismissed without prejudice as unexhausted.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

   *s/ Norah McCann King*   
Norah McCann King
United States Magistrate Judge
February 29, 2016