**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANTHONY A. SCOTT,**

    **Petitioner,**

    v.

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

        **Case No. 2:15-cv-2638
        JUDGE ALGENON L. MARBLEY
        Magistrate Judge King**

## REPORT AND RECOMMENDATIONS

On April 5, 2016, this Court dismissed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, without prejudice, as unexhausted. *Order* (ECF No. 12; *Judgment* (ECF No. 13). Petitioner now seeks to reopen these proceedings pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, on the basis that he has now exhausted his state court remedies. *Motion to Reinstate, Refiled* [sic] *and/or Reopen Habeas Corpus Action Filed July 22, 2015 (Fed. R. Civ. P. 60)* (ECF No. 14). For the following reasons, it is recommended that Petitioner's motion be denied.

Rule 60(b) authorizes relief from a final judgment under the following circumstances:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Petitioner does not raise any issue under Rule 60(b)(1) – (5); he bases his motion only on his assertion that he has now exhausted his state court remedies.  This Court concludes that Petitioner has likewise failed to establish a ground for relief under rule 60(b)(6).

Relief under to Rule 60(b)(6) is rarely appropriate and is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).  As the United States Supreme Court has observed, "a movant seeking relief under Rule 60(b)(6) . . . [must] show 'extraordinary circumstances' justifying the reopening of a final judgment[,]" and "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005)(quoting *Ackermann v.United States*, 340 U.S. 193, 199 (1950)). A petitioner's exhaustion of state court remedies does not, by itself, constitute an extraordinary circumstance justifying relief from a court's prior dismissal of this action. *See Manley v. Dingle*, No. 04-cv-1096, 2009 WL 2171107, at *3 (D. Minn. July 20, 2009)(refusing to grant request to reopen case under Rule 60(b)(6) based upon exhaustion of state court remedies).  "The dismissal of a prior federal petition without prejudice for lack of exhaustion does not become 'moot' if the petitioner thereafter exhausts the previously unexhausted claims."  *Brooks v. Williams*, No. 2:10-cv-00045-GMN-LRL, 2013 WL 835973, at *3 (D. Nevada March 6, 2013)(denying motion to reopen under Rule 60(b) upon exhaustion of claims).

Petitioner has not established a basis for relief from this Court's final judgment. Petitioner remains free, however, to file a new federal habeas petition in a separate action in order to present his exhausted claims.  *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000)(habeas petition filed after an initial petition was dismissed for failure to exhaust is not a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b)).

It is therefore **RECOMMENDED** that Petitioner's *Motion to Reinstate, Refiled* [sic] *and/or Reopen Habeas Corpus Action Filed July 22, 2015 (Fed. R. Civ. P. 60)* (ECF No. 14) be **DENIED**.

### Procedure on Objections

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed,

4

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
December 6, 2016