**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANTHONY A. SCOTT,**

    **Petitioner,**

    **v.**

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**Case No. 2:15-cv-2638
JUDGE ALGENON L. MARBLEY
Magistrate Judge King**

## ORDER

On April 5, 2016, this Court dismissed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, without prejudice, as unexhausted. *Order* (ECF No. 12; *Judgment* (ECF No. 13). Petitioner thereafter filed a motion to reopen these proceedings pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, on the basis that he has now exhausted his state court remedies. *Motion to Reinstate, Refiled* [sic] *and/or Reopen Habeas Corpus Action Filed July 22, 2015 (Fed. R. Civ. P. 60)* (ECF No. 14). On December 6, 2016, the Magistrate Judge recommended that Petitioner's motion be denied. *Report and Recommendation* (ECF No. 16.)

Although the parties were advised of the right to object to the recommendation, and of the consequences of their failure to do so, no objections have been filed.

The *Report and Recommendation* (ECF No. 16) is **ADOPTED AND AFFIRMED**. Petitioner's *Motion to Reinstate, Refiled* [sic] *and/or Reopen Habeas Corpus Action Filed July 22, 2015 (Fed. R. Civ. P. 60)* (ECF No. 14) is **DENIED.** Petitioner remains free, however, to file a new federal habeas petition in a separate action in order to present his exhausted claims. *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000)(habeas petition filed after an initial petition

was dismissed for failure to exhaust is not a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b)).


DATED:  January 5, 2017           s/Algenon L. Marbley  
                                                                          Algenon L. Marbley  
                                                         United States District Judge